UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THOMAS KELLEY,

          Plaintiff,

v.

SCOTT FISHER,

          Defendant.

Civil No. 13-0215 (DWF/JJG)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff is a federal prisoner who is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. He commenced this action by filing a self-styled pleading that is, for the most part, incomprehensible. (Docket No. 1.) The civil cover sheet that accompanied Plaintiff's pleading indicates that he is seeking relief under the Administrative Procedures Act ("APA"). The pleading itself also indicates that Plaintiff is seeking relief under the APA, as well as the Federal Tort Claims Act, ("FTCA"). The pleading also plainly states that Plaintiff is seeking damages "in excess of $11,000,000.00." (Complaint, [Docket No. 1], p. 8, § IV.7, p. 11, § V.9.) Accordingly, both the Clerk's Office and this Court have reasonably determined that Plaintiff's pleading

in this case must be viewed as a civil complaint, (not a habeas corpus petition).

Plaintiff did not pay the $350 filing fee for a civil complaint, as required by 28 U.S.C. § 1914, but he instead applied for leave to proceed IFP. The Court previously reviewed Plaintiff's IFP application, and found that (i) the application was incomplete, because it did not include the current certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff did not pay the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1).

Both of Plaintiff's omissions were called to his attention by this Court's order dated February 11, 2013. (Docket No. 5.) That order gave Plaintiff 20 days to cure the two defects in his original request for IFP status, by submitting both (a) a new IFP application with the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1). The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.

The deadline for satisfying the requirements of the Court's prior order has now expired. To date, however, Plaintiff has not submitted either an amended IFP application or an initial partial filing fee, nor has he offered any excuse for his failure to do so.[1] Therefore, based on the Court's express warning regarding the consequences that

---

[1] The record in this case includes several submissions from Plaintiff aside from his initial pleading and his IFP application, (see Docket Nos. 3, 4, 6, 7, 8 and 9), but those additional submissions are just as incomprehensible as his initial pleading. It appears that Plaintiff might be contending that his initial pleading should have been treated as a habeas corpus petition, (rather than a civil complaint), and that his IFP application should therefore be exempt from the requirements of 28 U.S.C. § 1915(a)(2) and 28 U.S.C. § 1915(b). That proposition, however, is plainly untenable. Plaintiff's repeated references to the APA and the FTCA, his request for damages, and the general tenor of his submissions, preclude the possibility of treating his initial pleading as a habeas corpus

would follow if Plaintiff failed to comply with the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

---

petition.  Furthermore, Plaintiff did not submit his initial pleading on the prescribed habeas corpus petition form, as required by Local Rule 9.3.  Most significantly, Plaintiff simply has not stated any viable grounds for granting him a writ of habeas corpus.  The dismissal of this action will not prevent Plaintiff from hereafter seeking habeas corpus relief under 28 U.S.C. § 2241.  However, if Plaintiff ever does attempt to commence a habeas corpus action in this District, he will have to submit his petition on the form prescribed for use in this District, (which is available from the Clerk of Court upon request), and he will have to present his claims in a clear and comprehensible fashion.  If Plaintiff ever files any new pleading that is as inscrutable as his current submissions, that pleading will undoubtedly be rejected.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: March 20, 2013         s/ *Jeanne J. Graham*
                              JEANNE J. GRAHAM
                              United States Magistrate Judge


## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 8, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.